## GREEN v. GREEN.

1. Parent and Child: CUSTODY OF CHILDREN: DIVORCE. When parents are living apart the courts may make such orders regarding the custody of their children as their welfare demands, and may, during the pendency of proceedings for divorce between the parents, award the custody of the children to either parent, or provide for their separate maintenance, being governed always by a regard for the welfare of the children.

*Appeal from Taylor District Court*

WEDNESDAY, DECEMBER 3.

The facts are stated in the opinion.

*G. L. & C. H. Finn* and *Lyman Evans*, for appellant.

No appearance for appellee.

SEEVERS, J.—In January, 1879, the plaintiff filed a petition in the court below asking a divorce from the defendant, and for alimony and the custody of the children of said parties. In February, thereafter, the plaintiff filed the petition before us, in which she asked that the custody of said children be given to her pending the divorce proceeding, and that the defendant be ordered to pay a suitable amount of money for their maintenance. The ground upon which this relief was asked was that the "defendant is not a proper person to have the custody of the children." The defendant moved the court to strike out certain portions of the petition, on the grounds that the "court has no power or authority, under the petition for temporary alimony, to make any disposition of the children whatever, and not until an absolute divorce is granted, and it is no cause for granting temporary alimony." The motion was sustained and from such ruling this appeal is taken.

*1. PARENT and child: custody of children: divorce.*

As the appellee has interposed no objection to our so doing, we shall determine the single question presented by the appellant on what is understood to be its merits.

The effect of sustaining the motion was to prevent the appellant from showing the defendant was not a proper and suitable person to have the custody of the children, pending the action for a divorce. It mattered not, under the ruling of the court, how meritorious the application may have been, or how much the welfare of the children demanded the defendant should not have their custody, the court concluded it was powerless to remedy the wrong, however great it may have been. In this we think the court erred.

It may be conceded that ordinarily, when parents are living apart, the father is entitled to the custody of the children. "But this right is not an absolute one, and it is usually made to yield when the good of the child, which, especially according to the modern American decisions, is the chief thing to be regarded, requires that it should yield." 2 Bishop on Marriage and Divorce, section 529.

We know of no reason why the pendency of an action for a divorce should change the status of the parties or the children.

On the contrary we think such fact should require the more free application of the rule. The legal rights of both parents should yield to the good of the child. If it be made to appear its morals would be corrupted if it remained in the custody of either parent, pending the action for a divorce, we think it is not only in the power, but that it is the duty of the court to so change the custody as to remove the child from such corrupting influence. Not because it is asked by either parent, but because the best interests of the child so require. To which may be joined the additional reason that public policy so demands.

The statute provides: "The court may order either party to pay the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action." Code, section 2226.

Conceding that the action for divorce, the maintenance of the children, and their custody, are things of "purely modern statutory law"—2 Bishop on Marriage and Divorce, 526—yet ample power is found in the foregoing provision of the Code to enable the court to grant the relief asked.

It is evident the orders contemplated in the section of the Code set forth are those which precede the final judgment granting the divorce, for an allowance may be made "for prosecuting or defending the action." The court, then, has the power to provide for the support of the children pending the action. This implies the power to provide for their custody, for the support and maintenance of the children, which the court has the power to provide, may be separate from that provided for either party.

REVERSED.